IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
TEXAS BROWNSVILLE DIVISON

| | | |
|---|---|---|
| X.D. Jr., by his mother and father as next friends, Vanessa De Leon and Xavier Duran | § § § § | |
| Plaintiff, | § | Civil Action No. |
| | § § § | |
| Defendant<br>Totally Kids Learning Center<br>Patricia Arredondo | § § | JURY TRIAL DEMANDED |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff X.D. Jr., through undersigned counsel file suit against and allege as follows:

## PRELIMINARY STATEMENT

1. X.D. Jr., is a two year old boy who was born with a diagnosis of Down syndrome. This diagnosis may limit some physical and mental abilities throughout the life of the plaintiff. X.D. Jr., was enrolled in the daycare owned by the defendant, Patricia Arredondo.
There was an error that occurred in the administration of medicine that X.D. Jr., was suppose to receive. When the mother of X.D. Jr., pointed out the error to the owner, the mother was told X.D. Jr., was no longer able to stay at the daycare. Among other pretexts voiced, defendant told X.D. Jr.,'s mother that the defendant would need a special license to continue to care for X.D.Jr., because of his diagnosis of Down syndrome. On information and belief, this is untrue, and was a pretext for disability discrimination. Defendant intentionally violated X.D.Jr.,'s rights under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794,

and Chapter 121 of the Texas Human Resources Code, § 121.0001, et seq.

1

2.      Plaintiff seek declaratory, compensatory damages, and attorneys' fees, and costs.

## THE PARTIES

3.      Plaintiff X.D. Jr., lives in Brownsville, Texas with his parents and at the time of the alleged discrimination, X.D. Jr., was 2 years old.

4.      Upon information and belief Defendant ( "P.A') is a Texas entity located at Brownsville, Texas. The name of the Daycares is Totally Kids Learning Center and will be abbreviated as "TKLC" for purposes of this petition. TKLC offers daycare service and is licensed through The State of Texas as a child care provider for children ages 4 weeks through 12 years of age.

5.      TLKC receives federal financial assistances including but not limited to funding from the United Stated Department of Agriculture.

6.      TLKC participates in a federally funded meal program.

## JURISDICTION

7.      Jurisdiction over these claims is invoked pursuant to 28 U.S.C. § 1331.

## FACTUAL ALLEGATIONS

8.      X.D. Jr., ("Plaintiff") is two years old and was enrolled in the day care named Totally Kids Learning Center, a day care program owned and operated by P.A.

9.      X.D. Jr., was hospitalized in the month of October 2023 with respiratory issues.

10.     When X.D.Jr., was released from the hospital he was sent home with medicine and a nebulizer.

11.     The mother of X.D.Jr., advised the daycare and sent him with his medicine and nebulizer.

12. When the mother of X.D.Jr., picked him up from the daycare the staff of TKLC assured her that X.D. Jr., had received his medicine and treatment as ordered by the doctor.

13. Three days later, the mother found all the medicine in his backpack unopened and unused.

14. When the mother called their attention the a medication error, the mother was told that her child was no longer welcomed at the daycare.

15. In response to being told that X.D.Jr., had not received his medication, Ms.Arredondo stated she accommodated X.D.Jr., many times and could no longer have the child at the daycare because he needs attention.

16. P.A. told the mother of X.D.Jr., that she needed to find a new daycare.

17. The mother of X.D.Jr., was surprised at her response.

18. The mother of X.D.Jr., asked P.A. if she was telling her that because she had brought it up to her attention that the staff of TLKC had written down that they had given X.D.Jr., his treatment and medicine, when in fact they had not.

19. P.A. responded that they had five other kids that were sick and the afternoon teachers must have gotten mixed up.

20. Then P.A. said that she needed a special licenses to take care of special need kids.

21. P.A. said she could get in trouble because X. D. Jr., was in the baby room.

22. The mother of X.D.Jr., asked P.A. to put in writing that the daycare needed a special license for her son to be in the daycare.

23. When the mother of X.D.Jr., went to pick up the child and his items. The mother asked for the letter.

24. P.A. told her the following, " I called a couple of my friends that own daycares and they told me not to give it to you in writing because I could get in trouble". " They told me that they never accept children with disabilities." Upon hearing this the mother of X.D.Jr., felt grave disbelief that this was said. Children like her son would intentionally be kept away from non disabled children.

25. X.D.Jr., is a sweet boy with a beautiful smile and the ability to make others warm and happy.

26. He laughs and enjoys being around other children. He was born with a diagnosis of Down syndrome.

27. Other than his diagnosis he loves to play, laugh, have fun and be around other children.

28. At the time of the events alleged, X.D.Jr., has diagnosis of Down syndrome.

## COUNT I
## SECTION 504 OF THE REHABILITATION ACT OF 1973

29. Plaintiff, X.D. Jr., and his parents repeat and re-allege the foregoing paragraphs in support of their claims.

30. Plaintiff X.D. Jr., is a qualified individual with a disability under section 504 of the Rehabilitation Act, 29 U.S.C. § 794 because he is substantially limited in the major life activities that include physical and mental abilities . X.D. Jr., was the appropriate age to be enrolled at TKLC. It appears from the facts, that when it was discovered that the staff of TKLC had committed an error, instead of acknowledging the error and taking corrective action for it not to happen again, P.A the owner of the daycare decided to remove X.D. Jr., from the daycare. The

actions of TKLC caused great harm to X.D. Jr., in alienating him from the environment he knew.   The actions of TKLC caused him great harm by discriminating against him in failing to give him the equal amount of importance when it came to giving him his prescribed medicines.  X.D. Jr., being nonverbal at the time would not be able to tell his parents that he was not getting his medicine at daycare.

31. Defendant is a recipient of federal financial assistance because it has accepted federal funds from, *inter alia*, the United States Department of Agriculture

32. Defendant discriminated against the Plaintiff solely on the basis of his disability by excluding him from the educational programming it offers to other non-disabled children. In so doing, Defendants denied and continue to deny X.D, Jr., meaningful access and an equal opportunity to participate in and benefit from Defendant's programs and activities in violation of section 504 of the Rehabilitation Act.

33. Defendant's exclusion of X.D, Jr., was intentional.

34. X.D, Jr., was injured as the result of Defendant's conduct. In excluding the child from  day care, the child experienced sadness, confusion, hurt, humiliation, embarrassment, and isolation on the basis of his disability. The parents also experienced financial cost as the result of the discrimination.

## COUNT II
## VIOLATION OF CHAPTER 121 OF THE TEXAS HUMAN RESOURCES CODE

35. Plaintiff re-allege the foregoing paragraphs of this Complaint and incorporate their contents into this Cause of Action by reference.

36. By statute, it is the policy of the State of Texas "to encourage and enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state." TEX. HUM. RES. CODE § 121.001.

37. The term "public facilities" includes "a building to which the general public is invited…and any other place of public accommodation…to which the general public or any classification of persons from the general public is regularly, normally, or customarily invited." TEX. HUM. RES. CODE § 121.00(1)(5). The Defendant falls within the Code's definition of "public facility."

38. Plaintiff is an individual with disabilities within the Texas Human Resources Code in that it's a child with a disability. *Id.* § 121.002(4).

39. Based on its conduct described above, Defendant has violated Chapter 12 in the following ways:

40. Denying Plaintiff the full use and enjoyment of facilities offered to those without disabilities, in violation of § 121.003(a).

41. Failing to make reasonable accommodations in their policies, practices and procedures so that the Plaintiffs would have necessary accommodations, and thus be able to have full use or access to Defendant's services in violation of § 121.003(d)(2).

42. A person, firm, association, corporation, or other organization, or the agent of a person, firm, association, corporation, or other organization who violates § 121.003 is deemed to have deprived a person with a disability of his civil liberties. Id.

§ 121.004(b).

43. A person with a disability, deprived of his civil liberties, may maintain a cause of action for damages in a court of competent jurisdiction. *Id.*

44. Therefore, Defendant discriminated against Plaintiff on the basis of his disability and deprived him of his civil liberty, and entitled Plaintiff to recover compensatory damages.

## DEMAND FOR JURY TRIAL

Plaintiff demand a jury trial in this action for all claims so triable

## RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court provide the following relief:

a. Issue a declaratory judgment that Defendant's policies, procedures, and practices have subjected Plaintiffs to discrimination in violation of section 504 of the Rehabilitation Act of 1973 and Chapter 121 of the Texas Human Resources Code;

b. Order Defendant from any policy, procedure, or practice that will deny Plaintiff meaningful access to and an equal opportunity to participate in and benefit from Defendant service's or that will exclude Plaintiffs from its programs or services;

c. Order Defendant to promulgate and comply with policies and procedures to ensure that Defendant does not discriminate in the future against Plaintiff or other children him;.

d. Order Defendant to train all its employees about its obligations pursuant to federal law and about Defendant's policy and procedures for allowing access for individuals with

disabilities;

e. Award compensatory damages pursuant to Section 504 of the Rehabilitation Act of 1973 and Chapter 121 of the Texas Human Resources Code;

f. Award reasonable costs and attorneys' fees; and.

g. Award any and all other relief that may be necessary and appropriate.

Dated:

        LAW OFFICE OF DOLORES G. ZARATE
        15 W. Madison St.
        Brownsville, TX 78520
        (956) 544-7727 Telephone
        Respectfully Submitted,

By:     /s/DGZarate_____
       Dolores G. Zarate
       State Bar No. 00790771
       Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this the __4TH__ day of __April__, 2024, a true and correct copy of the foregoing instrument was forwarded to opposing counsel by Efile system.

        _____/s/DGZarate_____
        Dolores G. Zarate

_____
ATTORNEY FOR PLAINTIFFS