United States District Court
Southern District of Texas
**ENTERED**
July 15, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| X.D., Jr., *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:24-cv-051 |
| | § | |
| TOTALLY KIDZ LEARNING CENTER | § | |
| AND PATRICIA ARELLANO, | § | |
|     Defendants. | § | |

**REPORT AND RECOMMENDATION APPROVING MINOR SETTLEMENT**

**I.    Synopsis**

X. D., a minor child with Down syndrome, was no longer accepted at his day care, Totally Kidz Learning Center, by owner Patricia Arellano.  X. D.'s parents, Vanessa De Leon and Xavier Duran, in their individual capacity and on behalf of their son, X. D, sued the day care center and its owner for discriminatorily dropping X. D. from the day care based on his disability.  The parties have settled.  Because the settlement includes monies awarded to X. D., this Court first concluded a *guardian ad litem* was not necessary because of the *de minimus* amount of the settlement and second conducted a hearing on the fairness of the settlement to X. D.  It is the Court's recommendation the settlement is fair, reasonable, and in the best interest of X. D. and should be approved, with the monies placed in the registry of the District Court for the benefit of X.D.

**II.    Jurisdiction**

The Court has federal question subject matter jurisdiction as the petitioner brings claims pursuant to Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794.  *See* Dkt. Nos. 1, 31; 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Pursuant to 28 U.S.C. §636(b)(1), this case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings. Dkt. No. 56.

Venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division, because a substantial portion of alleged events giving rise to this lawsuit occurred in this geographical jurisdiction. *See* Dkt. Nos. 1 and 31. (alleging daycare misconduct occurred in Brownsville, Texas); 28 U.S.C. §1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

## III.    Standard of Review

The parties present an agreed settlement to this dispute.  Dkt. No. 82-1.  The litigation involves a minor child, X. D., Jr. (hereinafter referred to as X. D.)  Dkt. No. 1. The settlement agreement awards money to X. D., his mother, Vanessa De Leon, and his father Xavier Duran, individually (hereinafter collectively referred to as Plaintiffs).  Dkt. No. 82-1.  This Court is required to review the proposed settlement as to the minor child, X. D., conduct a hearing on his settlement and determine whether X. D.'s settlement is in his best interest. *Byrd v. Woodruff*, 891 S.W.2d 689, 705 (Tex. App. 1994).

A district court has the "inherent power to recognize, encourage, and when necessary, enforce settlement agreements reached by the parties*." Del Bosque v. AT & T Advert., L.P.*, 441 Fed. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). "The gravamen of an approvable proposed settlement is that it be 'fair, adequate, and reasonable and is not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

X. D. is a minor child domiciled with his parents in Cameron County, Texas.  In Texas, "the rights and interest of a minor in a legal proceeding are safeguarded by Rule 44 of the Texas Rules of Civil Procedure." *Webb v. Paccar Leasing Co.*, No. 4:09-CV-211, 2009 WL 1703207, at *1 (E.D. Tex. June 18, 2009), recommendation adopted, 2009 WL 1812446 (E.D. Tex. June 23, 2009). The law of the minor's domicile "presumptively ... would control" in determining whether a next friend may settle a claim on the minor's behalf. *St. John Stevedoring Co., Inc. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987).

In relevant part, Texas Rule of Civil Procedure 44, provides: "Minors, lunatics, idiots, or persons non compos mentis who have no legal guardian may sue and be represented by "next friend" under the following rules:

> (1) Such next friend shall have the same rights concerning such suits as guardians have, but shall give security for costs, or affidavits in lieu thereof, when required.

> (2) Such next friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit."

Tex. R. Civ. P. 44.

Also under Texas Rule 44, in cases with a settlement involving a minor litigant, "a judgment ratifying the compromise cannot be rendered without a hearing and evidence that the settlement serves the minor's best interest." *Am. Guarantee & Liab. Ins. Co. v. ACE Am. Ins. Co.,* 990 F.3d 842, 848–49 (5th Cir. 2021) (cleaned up).

## IV.    Background

Ms. De Leon and Mr. Duran, individually and on behalf of their minor son X. D. sue Defendants Totally Kidz Learning Center and Patricia Arellano (hereinafter collectively referred to as Defendants) alleging statutory violations under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Chapter 121 of the Texas Human Resources Code.  Dkt. No. 31 (Complaint).  Plaintiffs allege that in October of 2023 Defendants unfairly discriminated against X. D. due to his Down syndrome when Defendants abruptly discontinued X. D.'s daycare services.  *Id.*

On April 16, 2025, the Plaintiffs and Defendants jointly moved the Court to appoint a guardian *ad litem,* announcing they settled the case.  Dkt. No. 67.  The Court held a telephonic conference to determine the need to appoint a guardian *ad litem*.  *See* Minute Entry dated April 29, 2025.

Federal Rule of Civil Procedure 17(c)(2) states that when a minor lacks a duly appointed representative and is suing by a next friend, the Court must appoint a *guardian*

*ad litem* or issue another appropriate order to protect the unrepresented minor. Fed. R. Civ. P. 17(c)(2). Under Texas law, Texas Rule of Civil Procedure 173 only authorizes the appointment of a guardian ad litem when it appears that the next friend has an interest adverse to the person represented. *Byrd v. Woodruff*, 891 at 705. As X. D. is a minor with a claim to a *de minimus* settlement award, the Court acted on its own authority to determine if the settlement is in X. D.'s interest and inquired as to a conflict of interest between X. D. and his parents, the Plaintiffs, and whether an independent *guardian ad litem* would overburden X. D.'s award. *See* Minute Entry April 29, 2025; Dkt. No. 69 (Order Denying GAL Appointment).

As a result of the conference, the Court determined given the *de minimus* settlement award proposed by the parties, no guardian *ad litem* appointment was necessary, because the interests of X. D. could be adequately protected through independent judicial review of the proposed settlement. Dkt. No. 69. The Court required Plaintiffs file, "a written report evaluating the settlement agreement as it pertains to minor Plaintiff X. D., Jr., including the appropriation of settlement funds to him; (2) making a recommendation to the Court as to whether any conflicts of interest exist among the Plaintiffs as to proposed settlement; (3) whether the settlement is in the best interest of the minor Plaintiff X. D., Jr.; and (4) making a recommendation as to the investment or deposit of the funds pending the minor Plaintiff X. D., Jr.'s attaining the age of majority." *Id.* The Court received the Plaintiffs' response which indicated a *de minimus* settlement to X. D. in the amount of $4,400.00 and an equal $4,000.00 settlement award to each parent/Plaintiff. Dkt. No. 70.

On May 30, 2025, the Court received the Parties' initial Motion for Approval of Minor Settlement and related exhibits. Dkt. Nos. 79 (Motion), 80 (Exhibits). To evaluate the sufficiency of these filings, the Court held a "prove-up hearing" and settlement conference on June 11, 2025. *See* Minute Entry dated June 11, 2025.

## V. Analysis

The Court conducted the required settlement hearing to determine if the settlement was in X. D.'s best interest. Texas Rule of Civil Procedure 44; *Byrd*, 891 at 705. At the "prove-up hearing," the Court reviewed with the Parties the proposed settlement in relation

to the injuries suffered by X. D. and the Court's concern that the original settlement document (Dkt. No. 80) did not adequately protect the settlement for the benefit of X. D. The Court received the testimony of the mother of X. D., Vanessa De Leon, who is also a party to this lawsuit. Ms. De Leon testified her son, X. D., is currently non-verbal and unable to communicate independently. *See* Minute Entry dated June 11, 2025. Ms. De Leon explained X. D. did not suffer any physical injuries from the incident in question, but there was emotional distress related to his being hastily removed from the familiar daycare environment. The Court reviewed the settlement breakdown with the parties, noting an overall settlement amount of $22,000 with $12,400 to be received by all Plaintiffs after attorney's fees and court costs. Dkt. No. 80, p. 2. The settlement document presented by the parties resolved the dispute by awarding $4,000.00 to each parent, Vanessa De Leon and Xavier Duran, with an additional award of $4,400.00 to X. D. to be used for his benefit. Resultingly, X.D. will receive 20% of the total settlement amount. A conflict of interest between a minor and next friend arises in a settlement situation when the parties vie for different portions of a fixed settlement amount. *Byrd v. Woodruff*, 891 at 706. Based on the testimony of Ms. De Leon regarding the lack of harm to X. D. and the larger settlement amount going to X. D., the Court found no conflict of interest between the Plaintiffs and permitted the parents of X.D. to review his proposed award.

Notably, however, the initial proposed settlement agreement directed the funds of X. D. to be paid to Ms. De Leon with no direct oversight of appropriate spending. Dkt. No. 80, p. 2. As a result, the Court questioned how, if at all, X. D.'s interest may be adequately protected without direct, neutral oversight.

After discussion, the parties jointly agreed to deposit X. D.'s settlement amount, $4,400, into the registry of the Court for the Southern District of Texas, Brownsville Division for the benefit of X. D. to be withdrawn upon the court approving of a written request from a parent and/or guardian of X. D. accompanied by evidence of the expenditure directly related X.D.'s care.

Updated settlement documents reflecting this modification were submitted to the Court. Dkt. No. 82-1. It is this settlement agreement (Dkt. No. 82-1) that the Court

recommends for approval. This Court finds the proposed settlement is reasonable, because X.D.'s parents experienced more significant injury where they lost wages, as opposed to X.D. who experienced no loss of employment, no physical injuries, no medical bills, and mild temporal suffering. On the record during the hearing, the attorney representing all Plaintiffs recommended the settlement approval as modified as in X. D.'s best interest.

The Court finds it had reasonable time to learn the facts of this case; and that it has been fully informed of the circumstances of this litigation, the needs and expectations of X. D., the facts of liability, the disputed nature of the causes of action, and the nature and extent of the damages claimed. The Court finds the modified agreed settlement and allocation to X.D. are reasonable, fair, and just. The parties agree that this modified settlement distribution method is reasonable and fair in protect X.D.'s interests. The Court finds no conflict of interest in the parents of X. D./Plaintiffs settling the case in X. D.'s favor.

Considering the facts of the case, the relative certainty of the outcome of any litigation, and the costs associated with such litigation, the Court finds that the settlement agreement is fair and reasonable. *See Elkhayam v. Lufthansa German Airlines*, No. Civ. A. 304CV50K, 2005 WL 743054, at *1 (N.D. Tex. April 1, 2005). The Court finds X. D.'s interests are properly protected and that the proposed settlement is fair, reasonable, and in his best interests. The amount of compensation requested by the Plaintiffs' attorney, $9,600, appears reasonable for the work performed. The parties agreed that this amount would be paid from the total settlement award.

## VI.   Recommendation

For the reasons above, the Court **RECOMMENDS** that the Joint Motion for Approval of Minor Settlement (Dkt. No. 82) should be **GRANTED** and that the settlement as to X.D. should be **APPROVED**. The Court further **RECOMMENDS** that the previously submitted motion for settlement approval (Dkt. No. 79) be **DISMISSED AS MOOT**.

As to the distribution of the funds awarded to X.D., the Court **RECOMMENDS** approval of any motion, made by X.D.'s parent/and or guardian, that requests release of

registry funds where said motion is accompanied by documentation evidencing expenditure for X.D.'s benefit.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). This Report and Recommendation shall serve as notice of the Plaintiff's procedural defaults, and the objection period shall serve as opportunity to respond to these defects. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a *de novo* review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on July 15, 2025.

Karen Betancourt
United States Magistrate Judge